IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JASON R. HILL                                                                                               PLAINTIFF

V.                                              NO. 13-5295

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration                          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, Jason R. Hill, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on November 8, 2010, alleging disability since September 6, 2009, due to "Multiple back and neck injuries." (Tr. 129-130, 133-139, 159-160, 164). An administrative hearing was held on April 27, 2012, at which Plaintiff appeared with counsel and he and his wife testified. (Tr. 25-65).

By written decision dated September 21, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - annular tear of the L4-L5 vertebra, osteoarthrosis, and chronic pain. (Tr. 12). However, after

-1-

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b). (Tr. 15).  With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing his past relevant work. (Tr. 19). The ALJ also found that based upon Medical-Vocational Rule 202.18, considering Plaintiff's age, education, and work experience, Plaintiff was not disabled. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on October 21, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**I.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work

experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

There are two issues that concern the Court. First, non-examining consultant, Dr. Julius Petty, completed a Physical RFC Assessment on December 16, 2010, wherein he found Plaintiff would be capable of light work, but could only occasionally stoop and crouch. (Tr. 305, 306, 311).  In his decision, the ALJ found that Dr. Petty's opinion regarding the Plaintiff's postural activities "appears to be based on his subjective complaints." (Tr. 18). The ALJ found that the evidence showed inconsistencies in Plaintiff's subjective complaints, and that such inconsistencies lessened the credibility of Dr. Petty's opinion. (Tr. 18). The ALJ therefore did not include Dr. Petty's limitations in his RFC.

A review of the transcript indicates that Dr. Petty considered more than Plaintiff's subjective complaints.  In fact, Dr. Petty reported that "[c]onsidering the MER, ADL's and pain report a RFC of light with postural limitations is retained." (Tr. 311).   Clearly, Dr. Petty considered the medical records, Plaintiff's activities of daily living, and complaints of pain.

Next, Dr. Ted Honghiran, who specializes in orthopaedics, examined Plaintiff at agency request, on May 21, 2012, and completed a Medical Source Statement of Ability to Do Work-Related Activities on the same date. (Tr. 412-413, 414-420).  Dr. Honghiran reported that Plaintiff moved slowly, and that the range of motion of the lumbar spine showed he could flex 45 degrees, bend side to side 25 degrees on both sides with pain and muscle spasms, and that the examination of the cervical spine showed minimal limitation of cervical spine with minimal pain on range of motion. (Tr. 413). In his Medical Source Statement, Dr. Honghiran found that

Plaintiff could sit for 4 hours total in an 8 hour workday; stand for a total of 2 hours total in an 8 hour workday; and could walk for 2 hours total in an 8 hour work day.[1] (Tr. 415). He additionally found that Plaintiff could occasionally be exposed to unprotected heights and moving mechanical parts, and could occasionally climb ladders or scaffolds. (Tr. 417-418).

In his decision, the ALJ determined that as for the postural and other limitations found by Dr. Honghiran, those opinions were given little weight and not taken into account in the RFC. However, the Court is of the opinion that he failed to give sufficient reasons for disregarding all of the limitations.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The Court is of the opinion that the ALJ failed to give sufficient reason to disregard the

---

[1] Light work requires the ability to stand and walk "for a total of six hours out of an eight-hour work day. See Social Security Ruling 83-10.

limitations found by Dr. Honghiran and Dr. Petty and therefore, there is not sufficient evidence to support his RFC finding that Plaintiff could perform a full range of light work without any limitations. Accordingly, this matter is remanded in order for the ALJ to re-evaluate Plaintiff's RFC. In so doing, the ALJ should send interrogatories to Dr. Honghrihan asking for explanation of the limitations he imposed, or have Plaintiff examined by another orthopaedic surgeon who will provide another RFC assessment.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 10th day of February, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE